IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00133-MEH-MJW

WEI TAN, and
WEIGO WANG,

      Plaintiffs,

v.

ALBERTO R. GONZALES, Attorney General of the United States of America,
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
ROBERT DIVINE, Acting Director, United States Citizenship and Immigration Services, and
F. GERARD HEINAUER, Director, Nebraska Service Center, USCIS,

      Defendants.

---

## ORDER ON DEFENDANTS' MOTION TO DISMISS

---

Before the Court is Defendants' Motion to Dismiss [Docket #20]. The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Motion to Dismiss is **granted**, and this matter is **dismissed** without prejudice for lack of jurisdiction.

## I.    Facts

Plaintiff Wei Tan and Weiguo Wang bring this action to require Defendants to act on Plaintiff Tan's application for permanent residence. Ms. Tan entered the United States as a graduate student in 1998 and married Weiguo Wang that same year. Ms. Tan is now an assistant professor at University of Colorado at Boulder. Mr. Wang filed his employment-based application for permanent residency in March 2003 and was granted permanent residency in March 2005. Ms. Tan submitted her employment-based application for permanent residency with her husband's application in March 2003, to the United States Citizenship and Immigration Services ("USCIS") Center in Nebraska. She

has yet to receive a decision on her application.  Ms. Tan states that she has provided her fingerprints for required background check on three separate occasions.  The USCIS website states that it is processing applications from May 2006, while her application submitted thirty-eight months earlier has yet to be processed.  In her latest status inquiry, Ms. Tan was informed that USCIS was "currently awaiting the results of required security checks on this case."  Amended Complaint at ¶ 17.  Ms. Tan also spoke with a local immigration officer, who informed her that they could do nothing to expedite the process.  Ms. Tan filed this action to challenge the timeliness in adjudicating her application.

Defendants filed the instant Motion to Dismiss arguing that this Court lacks jurisdiction to consider Ms. Tan's claims, because the processing of her application rests solely in Defendants' discretion.  Defendants also argue that the required background check is processed by the FBI, and that USCIS must wait for the FBI to complete the background check before it can complete the adjudication of her application.  Defendants point out that the FBI is not a named Defendant in this lawsuit.

## II.   Discussion

### A.   Standard of Review for a Motion to Dismiss

A Motion to Dismiss brought under Fed. R. Civ. P. 12(b) should be granted only if Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief.  *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party.  *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Because Plaintiffs are *pro se*, the Court construes their pleadings liberally.  *Ledbetter v. City*

of *Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiffs still retain "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because " *pro se* plaintiff[s] require[] no special legal training to recount the facts surrounding [their] alleged injury, and [they] must provide such facts if the court is to determine whether [they] make[] out a claim on which relief can be granted." *Id.*

Because federal courts are courts of limited jurisdiction, the Court can only act when expressly authorized to do so. *Kennedy v. Lubar*, 273 F.3d 1293, 1302 (10th Cir. 2001). Absent jurisdiction, the Court cannot enter judgment but, rather, must dismiss the case at any time that the Court determines that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). The burden of establishing this Court's jurisdiction rests on the party asserting the same. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

### B.  Jurisdiction over a Delay in USCIS Adjudication

Plaintiffs assert jurisdiction under the Administrative Procedures Act, the Declaratory Judgment Act, and the Mandamus Act. The Tenth Circuit, however, has expressly rejected the argument that the Administrative Procedures Act applies to a delay in immigration proceedings, because the USCIS' adjudication of Ms. Tan's application is governed by the Immigration and Nationality Act ("INA"). *See Kowalczyk v. INS*, 245 F.3d 1143, 1149 n.5 (10th Cir. 2003) ("We emphasize that our review is conducted under the INA and not under the Administrative Procedure Act ('APA'). Unlike the INA, the APA includes a judicially enforceable duty to proceed within a reasonable time."). In addition, "[i]t is well established that the Declaratory Judgment Act does not itself confer jurisdiction on federal courts." *Rector v. City & County of Denver*, 348 F.3d 935, 946

3

(10th Cir. 2003).

Jurisdiction exists under the Mandamus Act only if: (1) Plaintiffs have exhausted all other avenues of relief; (2) Defendants owe Plaintiffs a clear nondiscretionary duty; and (3) no other adequate remedy is available. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984); *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). The Supreme Court has explained:

> Mandamus issues to compel an officer to perform a purely ministerial duty. It cannot be used to compel or control a duty in the discharge of which by law he is given discretion. The duty may be discretionary within limits. He can not transgress those limits, and if he does so, he may be controlled by injunction or mandamus to keep within them. The power of the court to intervene, if at all, thus depends upon what statutory discretion he has.

*Work v. United States ex rel. Rives*, 267 U.S. 175, 177 (1925). To show a non-discretionary duty, Plaintiffs must establish that the Defendants have "failed to discharge a duty owed to plaintiffs which Congress has directed them to perform." *Carpet, Linoleum & Resilient Tile Layers, etc. v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981).

An adjustment of immigration status is governed by 8 U.S.C. § 1255(a), which provides:

> Status as person admitted for permanent residence on application and eligibility for immigrant visa. The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Congress amended the INA in 2005 to preclude the court's review of any discretionary decision or action of USCIS. 8 U.S.C. § 1252(a)(2)(B)(ii); *see also Safadi v. Howard*, 466 F. Supp. 2d 696, 698 (E. D. Va. 2006).

Defendants argue that because the statute provides no time frame for adjudicating an application, the timing is discretionary and, thus, not subject to review. Courts are divided as to whether a delay in adjudicating an application for a change in status under the INA can entitle an applicant to relief. *Liu v. Chertoff*, No. 07-5, 2007 U.S. Dist. LEXIS 32273, *5 (S.D. Cal. Apr. 30, 2007) (citing cases). *Compare Yue Yu v. Brown*, 36 F. Supp. 2d 922, 929 (D.N.M. 1999) ("Our function in such cases is to assure the vitality of the congressional instruction that agencies conclude matters presented to them 'within a reasonable time.'") (citation omitted) *with Jabr v. Chertoff*, No. 06-543, 2006 U.S. Dist. LEXIS 84588 *6 (E.D. Mo. Nov. 21, 2006) ("The fact that a delay has been lengthy does not necessarily mean that action has been unlawfully withheld or unreasonably delayed.").

Courts finding no jurisdiction rely on sections 242 and 245 of INA to hold that the time frame of adjudication of an application is a discretionary function of USCIS. *Patil v. Mueller*, No. 07-71, 2007 U.S. Dist. LEXIS 32708 (E.D. Va. Apr. 30, 2007). Courts exercising jurisdiction reject this argument on the basis that a complete lack of judicial review would allow USCIS to delay adjudication of applications indefinitely. *Sing v. Still*, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007).

Because the INA sets forth the standards under which the Attorney General may adjust an alien's status to permanent resident, *see* 8 U.S.C. § 1255, it follows that neither the Attorney General nor USCIS can refuse to perform this task assigned by Congress. Accordingly, even a discretionary decision regarding the timing of adjudication does not evade review, because an improper use of discretion remains subject to review. *See Work*, 267 U.S. at 177. The discretion of USCIS is limited by the requirement that USCIS actually adjudicate the application, precluding USCIS' ability to delay an application indefinitely. Whether the delay is indefinite or is within Defendants' discretion depends

5

on the reason for the delay, not solely the length of the delay. *Saleh v. Ridge*, 367 F. Supp. 2d 508, 512 (S.D.N.Y. 2005) (finding that source of the delay is the most important factor to determine whether a delay is unreasonable) (quoting *Reddy v. CFTC*, 191 F.3d 109, 120 (2d Cir. 1999)).

Here, the record before the Court shows that USCIS has acted on Ms. Tan's application by conducting an appropriate investigation and conveying information to the FBI, although the latter has not completed its work.  USCIS informed Plaintiffs that they are waiting on the completion of a background check from the FBI, and Defendants are required by statute to receive a complete background check before they can complete Ms. Tan's application.  Defendants further submit by affidavit that, as soon as the background check is complete, USCIS will complete the adjudication of Ms. Tan's application.  The facts alleged by Plaintiffs, therefore, do not establish that *USCIS* has refused to act on Ms. Tan's application, but rather, that they have done everything they can until the background check is complete.

When matters beyond the control of USCIS are responsible for the delay,[1] this Court should not find that USCIS has failed to adjudicate Ms. Tan's application or has exceeded the scope of its discretion regarding the time frame of adjudication.  *See Liu*, 2007 U.S. Dist. LEXIS 32273 at *5 ("Defendants have provided sufficient evidence to demonstrate that the delay results from the increased national security issues and not agency inaction.").  The Court is sympathetic to Plaintiffs' plight and the restrictions her current status places on her ability to receive research grants. Nevertheless, the background checks must be completed, and Plaintiffs' "do not have a right to forego the required background checks." *Jabr*, 2006 U.S. Dist. LEXIS 84588 at *5.

---

[1] The FBI is not a named party in this lawsuit.  Even if it were, however, the Court has been presented with no authority which would allow it to require the FBI to conduct a security background check more expeditiously, absent a showing of complete inaction by the FBI.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Dismiss [Filed April 5, 2007; Docket #20] is **granted** and this matter is **dismissed** without prejudice for lack of subject matter jurisdiction.[2]

Dated at Denver, Colorado, this 29th day of May, 2007.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[2] "The question of whether a particular act is discretionary or ministerial rises to the jurisdictional level." *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995); *Carpet, Linoleum & Resilient Tile Layers v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981) ("If, however, defendants have been accorded sufficient discretion to act as they have, the courts may not direct them to act otherwise, and dismissal for lack of jurisdiction is appropriate.").